UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>WILLIAM FREDERICK ELDER,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:08-185-KKC-2<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on defendant William Elder's motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines (DE 90). The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Elder pleaded guilty to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. (DE 85, Judgment). According to the presentence report, the defendant's Base Offense Level under then-existing U.S.S.G. § 2D1.1 was 30. However, the presentence report provided that Elder's prior felony convictions qualified him as a career offender under U.S.S.G. § 4B1.1, with an enhanced offense level of 37. With a three-level reduction for acceptance of responsibility, Elder's advisory guideline range, as a career offender, was 262 to 327 months. Additionally, the mandatory term of imprisonment for distribution of 500 or more grams of cocaine when the defendant has a prior felony drug conviction was "not . . . less than 10 years and not more than life imprisonment[.]" 21 U.S.C. § 841(b)(1)(B). Therefore, Elder's statutory minimum mandatory sentence was 120 months and the career offender guideline range was 262 to 327 months. After granting the

United States' motion for a downward departure, the Court sentenced the defendant to 120 months of imprisonment (DE 85, Judgment).

Elder is not eligible for a sentence reduction under Amendment 782 for two reasons. First, Elder's sentence was based on the career offender guidelines which are not impacted by Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, the career offender guideline range controls if it is greater than the initial advisory guideline range. U.S.S.G. § 4B1.1(b). In this case, the Court calculated Elder's sentence based on the career offender guidelines and departed downward from that range. When a sentencing range is derived from § 4B1.1 and not the Drug Quantity Table in § 2D1.1, Amendment 782 does not apply. *See United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (holding previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Sullivan*, No. 5:14-cr-7-06, 2015 WL 1524089, at *2 (N.D. Ohio Apr. 3, 2015) (finding defendant not eligible for a sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status); *United States v. Nicholson,* No. 3:11–194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2015) (same).

Second, Elder received the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), and Amendment 782 does not reduce statutory mandatory minimum sentences. *See United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) (holding previous amendments to drug quantity table did not apply to lower statutory mandatory minimum sentence); *see, e.g.*, *United States v. Luna*, No. 2:10-cr-110, 2015 WL 1566077, at *2 (E.D. Tenn. Apr. 8, 2015) (finding defendant's sentence could not be reduced below the statutory mandatory minimum after applying Amendment 782). Therefore, because Elder was sentenced based on the career offender guideline range and he received the statutory

2

mandatory minimum sentence, **IT IS ORDERED** that his motion for a sentence reduction (DE 90) is **DENIED**.

Elder has also moved the Court to appoint counsel to represent him on this matter (DE 90). There is no constitutional right to counsel or a hearing on a motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009); *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995). Because here it is clear on the record that Elder is not eligible for a sentence reduction, the Court **HEREBY ORDERS** that his motion to appoint counsel (DE 90) is **DENIED**.

Dated April 16, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY